UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID WESLEY,

                        Plaintiff,                        9:08-CV-0953

    vs.

NANCY O'CONNOR-RYERSON, Nurse Practitioner,
Auburn Correctional Facility,

                        Defendant.

---

APPEARANCES:                                         OF COUNSEL:

David Wesley
07-A-4840
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff, *Pro Se*

Andrew M. Cuomo                              Richard Lombardo, Esq.
Attorney General of the State of New York      Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendant

**Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I.    Introduction

    *Pro se* plaintiff David Wesley commenced this civil rights action in September, 2008, against defendant O'Connor-Ryerson, a nurse practitioner employed at Auburn Correctional Facility. Plaintiff asserts an Eighth Amendment deliberate indifference claim against defendant arising out of a medication change she ordered in July 2008. Dkt. No. 1.[1] Specifically, plaintiff claims that defendant,

---

[1] By Order of Magistrate Judge David E. Peebles filed September 9, 2008, plaintiff was granted *in forma pauperis* status and service of process was effected on defendant by the U.S. Marshal. Dkt. No. 4.

"deliberately discontinued plaintiff's medication (60 mg of Prednisone) for his Lupus and knowingly caused plaintiff substantial pain all over his body".

Defendant previously filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the complaint failed to state a cognizable Eighth Amendment claim; she is entitled to qualified immunity from damages; and any claim against defendant in her official capacity is barred by the Eleventh Amendment.  Dkt. No. 9.  By Order of this Court filed July 7, 2009, the Report-Recommendation issued by Magistrate Judge David E. Peebles was adopted in its entirety and defendant's motion was granted in part and denied in part.  Dkt. No. 15. In accordance with that Decision and Order, plaintiff's claim against defendant in her official capacity was dismissed; the motion was otherwise denied.  *Id.* at 2.  Defendant has answered the complaint. Dkt. No. 20.  A Mandatory Pretrial Scheduling and Discovery Order was issued on August 12, 2009. Dkt. No. 21.

Presently before this Court is a motion from plaintiff seeking a preliminary injunction barring defendant from acting with deliberate indifference towards "plaintiff's health and safety," preventing defendant from denying him prescribed medication, and to prevent defendant from otherwise harassing or intimidating plaintiff.  Dkt. No. 18 at 3. Defendant opposes the motion.  Dkt. No. 19.  Plaintiff has filed a reply.  Dkt. No. 24.

**II.   Discussion**

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).  In most cases, the party seeking the injunction must show a threat of irreparable injury if the injunction is not granted and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving

2

party. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, 1998 WL 566791, *1 (N.D.N.Y. Sept. 3, 1998) (Munson, D.J.) (citations omitted). "The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." *Id.* Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). "Irreparable harm must be shown to be imminent, ... , and the injury must be such that it cannot be fully remedied by monetary damages." *Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

Plaintiff's motion for injunctive relief arises from an incident which occurred on or about July 9, 2009, when plaintiff requested refills of several prescriptions. Dkt. No. 18 at 1-2. Plaintiff alleges that these medications were not delivered to him. *Id*. As of July 16, 2009, the date plaintiff filed his motion, he still had not received his medications. Plaintiff alleges that he was experiencing "substantial pain all over his body" and migraine headaches. *Id*. Although not identified in plaintiff's motion as having any direct involvement in this incident, plaintiff nevertheless contends that defendant is responsible for the wrongful withholding of his medicines because "she is the only one who has sole

control over the medical department at Auburn." *Id*. at 2.  Plaintiff makes reference to the fact that defendant's name appears on the prescription labels, and states that "she has the authority to refill the medication which plaintiff did not have to go to sick call to get the medication refilled." *Id.*

Defendant urges denial of the motion on several grounds.  Dkt. No. 19.  Defendant claims, *inter alia*, that the motion is moot because plaintiff received the medications on July 23, 2009; he failed to exhaust his administrative remedies regarding this incident prior to filing his motion; and because defendant was not personally involved in the incident and is not in charge of the Auburn medical department.  In support, defendant has submitted declarations from several medical providers and officials at Auburn, as well as an excerpt from plaintiff's medical records.

These records and declarations show that the Auburn pharmacy refilled the prescriptions on July 10, 2009.  *See* Dkt. No. 19-2 (Declaration of Daniel R. Sanders, Reg. Pharm.) at ¶ 2 and Ex. A.  On July 14, 2009, plaintiff complained to Nurse Quinn that he had not received the refills.  Dkt. No. 19-5 (Declaration of Kristen R. Quinn, R.N.) at ¶ 6.  Plaintiff complained to Nurse Quinn again on July 15, 2009.  *Id*. at ¶ 8.  The pharmacy was notified on July 14th and again on July 16th that plaintiff claimed not to have received his refills.  *Id*. at ¶¶ 7-9.

According to medical records submitted by defendant's counsel, plaintiff was admitted to Auburn Memorial Hospital with chest pain on or about July 17, 2009 (the day after he filed his motion), and was transferred to University Hospital in Syracuse, New York "for management of hypertensive urgency."  *See* Dkt. No. 19-9 at 1 (Consultation Report prepared 7/17/09).  Plaintiff returned to Auburn on July 20, 2009, whereupon the Auburn pharmacy filled plaintiff's prescriptions for several medicines recommended by the hospital physician, two of which (prednisone and spironolactone) were among the medicines requested by plaintiff on July 9, 2009.  On July 23, 2009, at the request of the Auburn medical department, the remainder of plaintiff's prescriptions were refilled

and delivered to him.  Dkt. No. 19-2 at ¶¶ 10-11 and Exs. C, D.

Defendant also submitted a declaration in opposition to plaintiff's motion.  Dkt. No. 19-7 (Declaration of O'Connor-Ryerson, NP).  Defendant states that she is responsible for providing medical care to inmates at Auburn who appear for sick call.  *Id*. at ¶ 1.  Defendant further states that the Auburn medical department is supervised by the Health Services Administrator and the Nurse Administrator, and that she did not have any responsibility for insuring that plaintiff received his medication refills from the pharmacy.  *Id*. at ¶¶ 3-4.

Upon review of the record and due consideration of the relevant law, the Court finds that plaintiff has not demonstrated that he will likely suffer irreparable harm in the absence of the requested injunction.  There is no evidence that the incidents that occurred in July 2009 involving plaintiff's prescriptions were acts of intentional malfeasance or deliberate indifference by anyone, including defendant.  Moreover, defendant has failed to provide any evidence that the incidents are likely to recur.  In this regard, while plaintiff cites authority for the proposition that an injunction may be issued to remedy "a violation founded on systematic wrongdoing" (*see* Dkt. No. 24 at 13), there is no basis in the record presently before the Court upon which supports such a finding.  Plaintiff's complaint asserts an Eighth Amendment deliberate indifference claim against a single individual seeking damages for a treatment decision made by defendant in July 2008.  *See* Dkt. No. 1.  The incident which forms the basis of plaintiff's motion for preliminary injunctive relief occurred approximately one year later, arose out of an unrelated set of facts and, as discussed below, does not appear to have been a matter in which defendant had any personal involvement.[2]  The extraordinary relief sought by plaintiff is simply not

---

[2] This action is proceeding against defendant in her individual capacity only.  Dkt. No. 19 at 8-9.  Accordingly, there is no basis for an award of injunctive relief against the correctional facility.  Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action.  *See* Fed. R. Civ. P. 65 (d); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988).

5

available to remedy past harms caused by an isolated incident or to prevent future harms which are merely speculative in nature.

Plaintiff's refill requests were completed by the Auburn pharmacy on July 10, 2009, and the "pharmacy requested that the medications ... be delivered to the plaintiff's housing unit." *See* Dkt. No. 19-2 (Declaration of Daniel R. Sanders, Reg. Pharm.) at ¶ 3.[3]  Thus, any claim that defendant directed the pharmacy not to honor the refill requests is dispelled by the evidence in the record.  Further, while the record does not include any evidence with regard to what happened to the medicine after the pharmacy completed the refills, there is no basis for to suggest that defendant took action to prevent these medications from reaching plaintiff.  In the absence of any evidence showing that defendant was involved in or responsible for plaintiff not having received his medication refills, this Court is not able to conclude that plaintiff has demonstrated that he faces an imminent threat of irreparable injury if the requested injunction is not granted.

The Court also finds that plaintiff has not made the required showing of the likelihood that he will succeed on the merits of his claims or that sufficiently serious questions exist going to the merits of the claims to make them a fair ground for litigation and that the balance of hardships tips decidedly in his favor.  The record in this action is not yet factually developed.  As noted by Magistrate Judge Peebles in his Report-Recommendation, little is known about plaintiff's medical condition or the nature of, and basis for, the treatment decision made by defendant in July, 2008.  *See* Dkt. No. 12 at 11-13.

In sum, the Court finds that plaintiff's allegations are not sufficient to warrant the extraordinary remedy which he seeks.  *See* 18 U.S.C. § 3626(a).[4]  Plaintiff's motion for injunctive relief is therefore

---

[3] The medications requested by plaintiff on July 9, 2009, had been prescribed by the Auburn medical department (including defendant) and defendant does not dispute plaintiff's ability to obtain refills thereof.  Dkt. No. 24 at 19.

[4] In light of this ruling, it is not necessary to address defendant's remaining arguments in opposition to the motion. See Dkt. No. 19.

denied.

### III. Conclusion

WHEREFORE, it is hereby

ORDERED that plaintiff's motion for injunctive relief (Dkt. No. 18) is DENIED; and it is further

ORDERED that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties.

IT IS SO ORDERED.

Date:  September 3, 2009

Norman A. Mordue
Chief United States District Court Judge